**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SAIDA ESTRELLA TABLAS-
MARTINEZ; et al.,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 24-2830

Agency Nos.
A208-994-972
A208-994-973
A208-994-974

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

     Saida Estrella Tablas-Martinez and her children, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their applications for asylum, withholding of removal, and protection under the

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We do not disturb the agency's determination that petitioners failed to show they suffered harm that rose to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (evidence of threats over the phone and in person did not compel conclusion that petitioner suffered harm rising to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Petitioners do not challenge the BIA's conclusion that they waived review of the IJ's dispositive determination that they did not demonstrate an objective well-founded fear of future persecution.

Because petitioners failed to show eligibility for asylum, petitioners failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection

because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DENIED.**